# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Everett Gregory Casteel,<br><br>            Petitioner,<br><br>v.<br><br>Maricopa County Sheriff's Department, et al.,<br><br>            Respondents. | No. CV-13-01832-PHX-DJH (BSB)<br><br>**REPORT AND RECOMMENDATION** |

On January 22, 2014, Petitioner filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 7.) On December 23, 2014, Respondents moved to transfer the Amended Petition to the Ninth Circuit Court of Appeals pursuant to Ninth Circuit Rule 22-3. (Doc. 23.) Respondents also requested a stay of the deadline for filing their answer pending the Ninth Circuit's ruling. (*Id.*) On January 8, 2015, Petitioner filed a motion to dismiss the request for transfer and stay (Doc. 24), and a motion to deny the request for transfer and stay (Doc. 25), which the Court construes as responses to Respondents' motion.

**I.    Discussion**

Ninth Circuit Rule 22-3(a) provides that:

> [a]ny petitioner seeking authorization to file a second or successive 2254 petition or 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C.§ 2244 or § 2255. . . . If a second or successive petition or motion, or an application for authorization to file such a

> petition or motion, is mistakenly submitted to the district court, *the district court shall refer it to the court of appeals*.

(Emphasis added).

Here, Petitioner has filed a successive petition challenging the same conviction (Maricopa County Superior Court case No. CR2007-116559) that he challenged in a previous petition for writ of habeas corpus. (*Compare* Doc.7 *with Casteel v. Ryan*, CV-12-00182-PHX-GMS.) That petition was dismissed as time barred. *See Casteel v. Ryan*, CV-12-00182-PHX-GMS at docs. 53, 55, 56. Accordingly, the Amended Petition is a "second or successive" petition under 28 U.S.C. § 2244(b), which Petitioner may not file in this Court without permission from the Ninth Circuit. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b).").

Because there is no evidence that Petitioner obtained permission to file this Amended Petition from the Ninth Circuit, this Court lacks jurisdiction to consider the merits of the Amended Petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody and so the District Court was without jurisdiction to entertain it.").

Based on the procedural posture of this case, the Amended Petition should be transferred to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3.

## II. Conclusion

Accordingly, the Court should transfer this matter as a second or successive petition and administratively close the case.

Accordingly,

**IT IS RECOMMENDED** that the Court **GRANT** Respondents' Motion to Transfer (Doc. 23), transfer the Amended Petition to the Ninth Circuit Court of Appeals as a second or successive petition, and administratively close the case.

**IT IS FURTHER RECOMMENDED** that the Court **DENY** as moot Respondents' motion to stay the time for filing an answer. (Doc. 23.)

**IT IS FURTHER RECOMMENED** that the Court **DENY** as moot Plaintiff's motion to dismiss the request for transfer and stay (Doc. 24), and motion to deny the request for transfer and stay (Doc. 25), construed as responses to Respondents' motion.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 12th day of January, 2015.

_____
Bridget S. Bade
United States Magistrate Judge